# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58728-9-II |
| Respondent, | |
| v. | |
| SHERYL JEAN MARTIN, | ORDER GRANTING MOTION TO PUBLISH AND PUBLISHING OPINION |
| Appellant. | |

Respondent filed a motion to publish this court's opinion filed on April 2, 2024.  After consideration, the court grants the motion.  Accordingly, it is

**ORDERED** that the final paragraph in the opinion which reads "A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record pursuant to RCW 2.06.040, it is so ordered." is deleted.  It is further

**ORDERED** that the opinion will now be published.

**FOR THE COURT**

**PANEL**:  Jj. Maxa, Price, Che

_____
MAXA, P.J.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58728-9-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| SHERYL JEAN MARTIN, | |
| Appellant. | |

MAXA, P.J. – Sheryl Martin appeals the trial court's denial of her motion for resentencing based on RCW 36.27.130.

RCW 36.27.130(1) states that a prosecutor "may" petition the sentencing court to resentence an offender if the original sentence no longer advances the interests of justice. If the prosecutor files a petition, the court has discretion to grant or deny the petition. RCW 36.27.130(2).

Here, Martin requested that the prosecutor petition for resentencing under RCW 36.27.130(1), but the prosecutor declined. Martin argues that procedural due process entitles her to bring a motion for resentencing pursuant to RCW 36.27.130 if the prosecutor declines.

We conclude that RCW 36.27.130 does not give Martin a liberty interest and so she is not entitled to procedural due process. Accordingly, we affirm the trial court's denial of Martin's resentencing motion.[1]

---

[1] Martin also filed a statement of additional grounds (SAG). The SAG includes a letter updating her achievements and general well-being while in prison. Although Martin's progress in prison is laudable, she does not make any argument regarding the updates. Because the SAG claim

FACTS

In 2010, a jury found Martin guilty of first degree attempted murder – domestic violence. Martin shot her husband after learning that he was having an affair. The trial court sentenced her to 240 months of confinement, which included 60 months for a firearm enhancement.

In 2020, Martin wrote a letter to the State, requesting Clark County's prosecuting attorney to seek resentencing for her pursuant to his authority under RCW 36.27.130.[2] The State denied Martin's request, stating that the "statute was primarily enacted to address changes in the law . . . or changes in prosecution," and that she was "free to renew a request in the future."

Martin then filed in the trial court a motion for resentencing pursuant to RCW 36.27.130. She claimed that the statute created a right to "correct an unjust sentence" and due process entitled her to a remedy. She asked the court to consider the motion on its merits. The State filed a response to Martin's motion, arguing that RCW 36.27.130 did not create a right to be resentenced. After reviewing briefing and hearing oral argument, the trial court denied Martin's motion for resentencing pursuant to RCW 36.27.130.

Martin appeals the trial court's denial of her resentencing motion.

ANALYSIS

Martin argues that procedural due process entitles her to bring a motion for resentencing pursuant to RCW 36.27.130. The State argues that RCW 36.27.130 does not create a protected liberty interest for which an offender is entitled to procedural due process protections. We agree with the State.

---

does not "inform the court of the nature and occurrence of alleged errors," we decline to address it. RAP 10.10(c).

[2] Martin referred to SB 6164 in her letter. SB 6164 was codified as RCW 36.27.130. LAWS OF 2020, ch. 203, § 2.

A.    STATUTORY OVERVIEW

RCW 36.27.130(1) states that the "prosecutor of a county in which an offender was sentenced for a felony offense may petition the sentencing court or the sentencing court's successor to resentence the offender if the original sentence no longer advances the interests of justice."

The sentencing court "may grant or deny" a prosecutor's petition.  RCW 36.27.130(2). When determining whether to grant or deny the petition,

> [t]he court may consider postconviction factors including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated; evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence; and evidence that reflects changed circumstances since the inmate's original sentencing such that the inmate's continued incarceration no longer serves the interests of justice.

RCW 36.27.130(3).

B.    LEGAL PRINCIPLES

The due process clause in the Fourteenth Amendment of the United States Constitution provides that "no state shall . . . deprive any person of life, liberty, or property, without due process of law."  Procedural due process requires an opportunity to be meaningfully heard, but the minimum requirements depend on what is fair in a given context.  *State v. Derenoff*, 182 Wn. App. 458, 466, 332 P.3d 1001 (2014).

When determining whether due process is required in a given context, we consider " '(1) the private interest affected; (2) the risk of erroneous deprivation of that interest through existing procedures and the probable value, if any, of additional procedural safeguards; and (3) the governmental interest, including costs and administrative burdens of additional procedures.' " *Id.* (quoting *In re Det. of Stout*, 159 Wn.2d 357, 370, 150 P.3d 86 (2007)).

Offenders do not have a liberty interest in being released before serving their full maximum sentence. *In re Pers. Restraint of Cashaw*, 123 Wn.2d 138, 144, 866 P.2d 8 (1994). However, state statutes can create a due process liberty interest where one otherwise would not have existed. *Id.*

"For a state law to create a liberty interest, it must contain 'substantive predicates' to the exercise of discretion and 'specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow.' " *Id.* (quoting *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 463, 109 S. Ct. 1904, 1910, 104 L. Ed. 2d 506 (1989)). In other words, "laws that dictate particular decisions given particular facts can create liberty interests, but laws granting a significant degree of discretion cannot." *Cashaw*, 123 Wn.2d at 144.

For example, an offender's ability to be released on parole is not guided by substantive predicates or specific directives; it concerns the degree to which an offender has become rehabilitated, and so involves " 'subjective appraisals' and 'discretionary assessment of a multiplicity of imponderables.' " *Id.* at 146 (quoting *In re Pers. Restraint of Ayers*, 105 Wn.2d 161, 165-66, 713 P.2d 88 (1986)). Parole decisions do not contain any consistent set of facts that mandate a favorable decision for the offender. *Cashaw*, 123 Wn.2d at 147. A parole board's discretion in determining rehabilitation "cannot be reduced to a simple equation under which predictable outcomes flow from specific factual predicates." *Id.* Therefore, the court in *Cashaw* held that the parole board's regulations regarding the procedures to be followed in reaching the parole decision did not create a liberty interest. *Id.*

In addition, procedural laws cannot create liberty interests; only substantive laws can. *Id.* at 145. "[S]tate regulations that establish only the procedures for official decisionmaking, such as those creating a particular type of hearing, do not by themselves create liberty interests." *Id.*

We review the constitutionality of a statute de novo. *State v. Watkins*, 191 Wn.2d 530, 535, 423 P.3d 830 (2018). Statutes are presumed to be constitutional, and the challenging party must prove beyond a reasonable doubt that a statue is unconstitutional. *Id.*

C.     DUE PROCESS ANALYSIS

Martin argues that she is entitled to (1) file a motion for resentencing if the prosecutor refuses to do so, (2) receive an initial review by the sentencing court to determine whether she has made a substantial showing that her original sentence no longer advances the interests of justice, and (3) have the court direct the State to show cause why the motion should not be granted if a substantial showing has been made.

Martin is confined and so she does not have a liberty interest in being released before serving her full sentence. *See Cashaw*, 123 Wn.2d at 144. But she claims that RCW 36.27.130 created a due process liberty interest because she can satisfy one or more of the statutory factors.

However, RCW 36.27.130 does not dictate particular decisions given particular facts, but instead grants a significant degree of discretion to the prosecutor. A prosecutor "*may* petition the sentencing court" if the offender's original sentence "no longer advances the interests of justice." RCW 36.27.130(1) (emphasis added). The statute does not contain any substantive predicates to the prosecutor's exercise of discretion in deciding when to petition the court. *See Cashaw*, 123 Wn.2d at 144.

In addition, at its core, RCW 36.27.130 creates a hearing where the court may consider whether to resentence an inmate. This makes the statute a procedural law, which cannot create liberty interests. *Cashaw*, 123 Wn.2d at 145.

Martin cites to *People v. Pillsbury*, 69 Cal. App. 5th 776, 284 Cal. Rptr. 3d 824 (2021) to support her argument that she has a liberty interest. In *Pillsbury*, a statute – Penal Code section 1170(d) – authorized the Secretary of the Department of Corrections and Rehabilitation to recommend resentencing at any time and gave the sentencing court jurisdiction to resentence. *Id.* at 784. The Secretary sent a letter to the court recommending resentencing pursuant to the statute, but without notice to the defendant, the court without explanation declined to resentence. *Id.* at 783. The court held that section 1170(d) gave defendants a liberty interest entitled to due process protection because it provided a mechanism for releasing them from custody. *Id.* at 789-90. After extensive analysis, the court stated, "Accordingly, we conclude that a defendant for whom the Secretary has written a section 1170(d) recommendation based on a change in the law is constitutionally entitled to notice and an opportunity to be heard as a matter of due process." *Id.* at 795.

However, the facts differ here. In *Pillsbury*, the court held that defendants have due process rights to notice and a hearing only *after* the Secretary in the exercise of their discretion recommended for the trial court to recall and resentence a defendant. Martin is arguing that she has due process rights to a hearing even though the prosecutor has declined to petition to the sentencing court. Unlike in *Pillsbury*, the matter never reached the sentencing court because of the prosecutor's exercise of discretion.

Therefore, we hold that RCW 36.27.130 does not give Martin a liberty interest and so she is not entitled to procedural due process.

CONCLUSION

We affirm the trial court's denial of Martin's resentencing motion.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

_____
MAXA, P.J.

We concur:

_____
PRICE, J.

_____
CHE, J.