IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON, | No. 86366-5-I |
| Respondent, | (consolidated with No. 86419-0-I) |
| v. | |
| RYAN DANIEL ERKER, | |
| Appellant. | |
| STATE OF WASHINGTON, | UNPUBLISHED OPINION |
| Respondent, | |
| v. | |
| KEVIN STEWART CLARDY, JR., | |
| Appellant. | |

BOWMAN, A.C.J. — Ryan Daniel Erker and Kevin Stewart Clardy Jr. each asked the King County Prosecuting Attorney's Office (KCPAO) to petition the trial court to resentence them under RCW 36.27.130, asserting that their original sentences no longer advanced the interests of justice. The KCPAO refused. Clardy and Erker then each independently petitioned the court for resentencing, arguing that RCW 36.27.130 creates a liberty interest in resentencing and violates their right to procedural due process by resting authority in only the prosecutor to petition the court. The court refused to rule on their petitions and rejected their constitutional claims. Because RCW 36.27.130 does not create a liberty interest in resentencing, we affirm.

FACTS

Erker

In 2016, Erker pleaded guilty to second degree murder.  The court imposed a 233-month standard-range sentence.  In 2021, Erker asked the KCPAO to petition the court for resentencing under RCW 36.27.130.[1]  Erker argued he had "experienced a radical transformation within prison," so his original sentence no longer advanced the interests of justice.  The KCPAO reviewed and declined Erker's request.

In 2024, Erker independently petitioned the court for resentencing under RCW 36.27.130.  In his petition, Erker argued that the statute creates a liberty interest in resentencing and that "[d]ue process demands that [he] be afforded a hearing on this matter."  After a hearing in February 2024, the court refused to consider Erker's petition, explaining that only a prosecutor can petition for resentencing under RCW 36.27.130.  And it rejected Erker's argument that the statute is unconstitutional.

Clardy

In 2012, a jury convicted Clardy of first degree robbery with a firearm, first degree burglary with a firearm, first degree assault with a firearm, first degree unlawful possession of a firearm, and drive-by shooting.  The court imposed a 430-month standard-range sentence.  In 2022, Clardy asked the KCPAO to petition the court for resentencing under RCW 36.27.130.  He argued that "[h]is

_____

[1] RCW 36.27.130(1) authorizes a prosecutor to petition the sentencing court to resentence a defendant "if the original sentence no longer advances the interests of justice."

long sentence no longer advances the cause of justice" because he was sentenced at 19 years old, is "no longer a lost teenager," and "has become a driven, thoughtful, and kind man." The KCPAO declined his request.

In 2024, Clardy independently petitioned the court for resentencing under RCW 36.27.120, arguing that "[d]ue process demands that [he] be afforded a hearing on this matter." Clardy asserted that the statute vested him with a liberty interest in resentencing and that if the court interpreted the statute to permit only the prosecutor to petition for his resentencing, the statute unconstitutionally violates his right to procedural due process. After a hearing in February 2024, the court concluded that "under [RCW] 36.27.130, I do not have authority or discretion to schedule a resentencing hearing" at Clardy's request. And it declined to declare the statute unconstitutional.

Erker and Clardy each appeal,[2] and we consolidated the cases for review.

ANALYSIS

Erker and Clardy (collectively Appellants) argue that RCW 36.27.130 creates in them a liberty interest in resentencing when their original sentences no longer advance the interests of justice. And they contend procedural due

---

[2] The State objected to the notices of appeal, arguing that neither defendant could appeal as a matter of right under RAP 2.2(a). Still, the State conceded that discretionary review is appropriate under RAP 2.3(b). A commissioner from our court declined to decide appealability and deferred the issue to the panel. Under RAP 2.3(b)(4), an appeal is warranted where all parties to the litigation have stipulated "that the order involves a controlling question of law as to which there is substantial ground for a difference of opinion and that immediate review of the order may materially advance the ultimate termination of the litigation." Here, the State agreed that discretionary review is appropriate because "at the time appellants filed their notices of appeal, no cases discussed whether criminal defendants are entitled to petition for resentencing under RCW 36.27.130." We interpret the State's agreement as a stipulation to discretionary review under RAP 2.3(b)(4). As a result, we need not address whether the defendants can appeal these orders as a matter of right.

process guarantees them the means to exercise that right. The State argues that RCW 36.27.130 does not give rise to a protected liberty interest entitling criminal defendants to resentencing. We agree with the State.

We review the constitutionality of a statute de novo. *State v. Watkins*, 191 Wn.2d 530, 535, 423 P.3d 830 (2018). And we review issues of statutory interpretation de novo. *In re Guardianship of Beecher*, 130 Wn. App. 66, 70, 121 P.3d 743 (2005). We interpret and construe statutes to give all the language effect, rendering no portion meaningless or superfluous. *Spokane County v. Dep't of Fish & Wildlife*, 192 Wn.2d 453, 458, 430 P.3d 655 (2018). When interpreting a statute, we first look to its plain language and meaning to determine legislative intent. *Beecher*, 130 Wn. App. at 70-71. "When the plain language is unambiguous, subject to only one reasonable interpretation, our inquiry ends." *Spokane County*, 192 Wn.2d at 458.

The due process clause of the Fourteenth Amendment to the United States Constitution provides that no state may "deprive any person of life, liberty, or property, without due process of law." " '[P]rocedural due process requires that an individual receive notice of the deprivation and an opportunity to be heard to guard against erroneous deprivation' of a protected interest." *Fields v. Dep't of Early Learning*, 193 Wn.2d 36, 44, 434 P.3d 999 (2019) (quoting *Amunrud v. Bd. of App.*, 158 Wn.2d 208, 216, 143 P.3d 571 (2006)).

The threshold question in any due process challenge is whether the challenger has been deprived of a protected interest in their life, liberty, or property. *In re Pers. Restraint of Cashaw*, 123 Wn.2d 138, 143, 866 P.2d 8

(1994). Generally, offenders do not have a liberty interest in being released from incarceration before serving their full sentence. *Id.* at 144. But state statutes can create due process liberty interests where one otherwise would not exist. *Id.* For a state statute to create a liberty interest, it must contain " 'substantive predicates' to the exercise of discretion and 'specific directives to the decisionmaker' " that if those predicates exist, a certain outcome must follow. *Id.* (quoting *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 463, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989)). Procedural laws do not create liberty interests. *Id.* at 145.

*In re Personal Restraint of McCarthy*, 161 Wn.2d 234, 164 P.3d 1283 (2007), provides an example of language in a state statute that gives rise to a due process liberty interest. In that case, our Supreme Court held that the unique language of RCW 9.95.420(3) created a limited liberty interest in parole release. *Id.* at 243-45. Under that statute, the Indeterminate Sentence Review Board "shall order the offender released" unless the board finds that the offender is likely to commit a sex offense if released. RCW 9.95.420(3). The court held that the statute's mandatory language limited the board's discretion and established a presumption that the board would release the offender unless the listed condition—likely to commit a sex offense after release—was met. *McCarthy*, 161 Wn.2d at 241. So, the statute created a limited liberty interest in release for sex offenders unless the board finds they are likely to commit a sex offense after release. *Id.*

In contrast, in *In re Personal Restraint of Mattson*, 166 Wn.2d 730, 733, 214 P.3d 141 (2009), our Supreme Court held that former RCW 9.94A.728

(2007) did not create a due process liberty interest. Under that statute, sex offenders are not eligible for early release but "may become eligible, in accordance with a program developed by the [Department of Corrections (DOC)], for transfer to community custody status in lieu of earned release time." Former RCW 9.94A.728(2)(a). Once an offenders' eligibility has been determined, DOC "may deny transfer to community custody status . . . if the department determines an offender's release plan, including proposed residence location and living arrangements," would place the offender at risk to reoffend or present a risk to victim safety or community safety. Former RCW 9.94A.728(2)(d). Our Supreme Court held that the statute's permissive language "may become eligible" and "may deny transfer" did not require DOC to grant an offender early release. *Mattson*, 166 Wn.2d at 740. So, the statute did not create an expectation of release and could not establish a liberty interest. *Id.*

Like the statute in *Mattson*, RCW 36.27.130 is a permissive statute that does not dictate substantive predicates that, if met, require a particular outcome. RCW 36.27.130(1) provides:

> The prosecutor of a county in which an offender was sentenced for a felony offense may petition the sentencing court or the sentencing court's successor to resentence the offender if the original sentence no longer advances the interests of justice.

And the court "may grant or deny" a prosecutor's petition. RCW 36.27.130(2). When determining whether to grant or deny the petition,

> [t]he court may consider postconviction factors including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated; evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence; and evidence that

6

reflects changed circumstances since the inmate's original sentencing such that the inmate's continued incarceration no longer serves the interests of justice.

RCW 36.27.130(3).

The plain language of the statute gives the prosecutor discretion to decide whether to petition the court for resentencing. RCW 36.27.130(1). And it lists factors the court "may" consider when reviewing the petition. RCW 36.27.130(3). Finally, the statute leaves the decision whether to grant or deny the petition with the sentencing court. RCW 36.27.130(2). This permissive language creates no substantive predicates and requires no particular outcome. Instead, it serves as a guideline for the use of prosecutorial and judicial discretion. As a result, RCW 36.27.130 does not create a due process liberty interest in resentencing.[3]

Pointing to *In re Personal Restraint of Bush*, 164 Wn.2d 697, 700, 193 P.3d 103 (2008), Appellants argue that even if RCW 36.27.130 provides a " 'great degree of discretion,' " it can still create a liberty interest.[4] In *Bush,* the governor granted the defendant a conditional commutation, which required him to serve a maximum community custody term of 24 months unless he committed " 'any offense classified as a felony or a gross misdemeanor in the [s]tate of Washington.' " *Id.* Our Supreme Court held that while the governor has "ample discretion" in determining whether to commute a prisoner's sentence, the

---

[3] Division Two reached the same result in *State v. Martin*, 30 Wn. App. 2d 584, 591, 548 P.3d 210, *review denied*, 3 Wn.2d 1014, 554 P.3d 1223 (2024).

[4] Appellants also argue that the language of the statute does not achieve the legislature's stated intent to provide both the prosecutor "and the court" with another tool to remedy unjust sentences. *See* LAWS OF 2020, ch. 203, § 1. But the plain language of RCW 36.27.130 is clear on its face. And we presume that the legislature means what it says. *See Spokane County*, 192 Wn.2d at 458.

commutation itself still created a liberty interest because the terms of the agreement dictated, and the defendant legitimately expected, that he would retain the commutation unless he violated the condition. *Id.* at 702-03.

These cases are not like *Bush*. RCW 36.27.130 creates no legitimate expectation that a defendant who believes their sentence no longer serves the interests of justice will be resentenced. Instead, it gives the prosecutor full discretion to decide whether to petition for resentencing. And it gives the court full discretion to decide whether to grant or deny the prosecutor's petition. Nothing in the plain language of the statute creates a presumption that, if met, requires the prosecutor to petition for resentencing or the court to grant the petition.[5]

Because RCW 36.27.130 does not give rise to a defendant's substantive right to petition the court for resentencing, we affirm.

_____, ACJ

WE CONCUR:

_____        _____
Feldman, J.                    Colburn, J.

---

[5] Because we conclude that RCW 36.27.130 does not create a due process liberty interest in resentencing, we need not address the Appellants' arguments that procedural due process demands they have a means to exercise that right.